IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, <br><br> Plaintiff, <br><br> vs. <br><br> MONTEFUSCO HEATING & SHEET METAL, <br><br> Defendant. | District Judge: <br><br> Magistrate Judge: <br><br> Case No.: |

## COMPLAINT

Plaintiff, The Construction Industry Retirement Fund of Rockford, Illinois, by its attorneys, WilliamsMcCarthy LLP, brings this Complaint against Defendant, Montefusco Heating & Sheet Metal.

**(Failure to Pay Contributions to the Fund)**

1. Jurisdiction in this cause is based upon §301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

2. Jurisdiction in this cause is also based upon §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because the Construction Industry Retirement Fund of Rockford, Illinois (hereinafter referred to as the "Fund" or "Plaintiff") are administered in Rockford, Illinois.

4. The Fund is a multi-employer benefit plans within the meaning of ERISA. It is established and maintained pursuant to their respective Agreements and Declarations of Trust

1

in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Fund has standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

5. Defendant is engaged in the construction industry and is doing business within this geographic area, in an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA and § 301(a) of the LMRA.

6. Sheet Metal Workers' International Association (the "Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On or about March 1, 1993, Defendant entered into a Memorandum of Agreement with the Union, evidence of which is attached hereto as Exhibit A.

8. Under the terms of the Memorandum of Agreement, and the Collective Bargaining Agreement and Trust Agreements incorporated therein, (hereinafter referred to as the "Agreements") Defendant is required to make contributions on behalf of its employees covered by the Agreements for pension benefits, health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which it identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Fund on behalf of each covered employee.

9. Under the terms of the Agreements, contributions to the Fund are due on the 15th day of the month following the month in which hours are worked and are considered delinquent after the 25th day of the month.

10. Under the terms of the Agreements, any employer who fails to make the contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the amounts owed.

11. Under the terms of the Agreements to which Defendant is bound, Defendant is required to submit its books and records to the Fund on demand for an audit to determine benefit contribution compliance.

12. For the time period of September 2024 to the February 2025, Defendant's payroll submissions were delinquent and liquidated damages are now owed to the Fund in violation of its contractual obligation and its obligations under State and Federal law. *See* Exhibit B.

13. As a direct and proximate result of Defendant's failure to pay contributions, Defendant's employees' retirement benefits are in jeopardy.

14. Defendant's actions in failing to make timely contributions violate § 515 of ERISA, 29 U.S.C. § 1145, and §301 of the LMRA, 29 U.S.C. § 185.

15. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), §301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreements, Defendant is liable to the Fund for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorney's fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment against Defendant, Montefusco Heating & Sheet Metal, as follows:

(a) Directing Defendant to submit its books and records to an audit on demand by Plaintiffs;

(b) Entering judgment in a sum certain against Defendant on any amount shown due and owing pursuant to Exhibit B, or otherwise, including unpaid contributions according to the audit, liquidated damages, interest, audit costs and attorney's fees and costs;

(c) Enjoining Defendant from violating the terms of the Agreements;

(d)     Awarding Plaintiff any further legal and equitable relief as the Court deems appropriate; and

(e)     Ordering Defendant to remain current in payment of all contributions to the Fund.

        THE CONSTRUCTION INDUSTRY
RETIREMENT FUND OF ROCKFORD,
ILLINOIS, Plaintiff,

By:     WILLIAMSMCCARTHY LLP

BY: /s/    Troy E. Haggestad
    Troy E. Haggestad (#06229384)
    WILLIAMSMcCARTHY, LLP
    120 West State Street, Suite 400
    P.O. Box 219
    Rockford, IL 61105-0219
    815/987-8900
    thaggestad@wilmac.com

Form A-1-89

# STANDARD FORM OF UNION AGREEMENT 4309

## SHEET METAL, ROOFING, VENTILATING AND AIR CONDITIONING CONTRACTING DIVISIONS OF THE CONSTRUCTION INDUSTRY

Agreement entered into this __1st__ day of __May__ 19__92__

by and between __MONTEFUSCO HEATING, SHEET METAL & AIR CONDITIONING CO.__
(Name of Contractor or Contractor's Association)

and each business establishment individually, whether represented by a contractor association or not, hereinafter referred to as the Employer, and Local Union No. __ONE__ of Sheet Metal Workers' International Association.

hereinafter referred to as the Union for _____

__PEORIA, TAZEWELL, WOODFORD, McLEAN AND FULTON COUNTIES, ILLINOIS__
(Specify area covered by this Agreement)

### ARTICLE I

SECTION 1. This agreement covers the rates of pay and conditions of employment of all employees of the Employer engaged in but not limited to the (a) manufacture, fabrication, assembling, handling, erection, installation, dismantling, conditioning, adjustment, alteration, repairing and servicing of all ferrous or nonferrous metal work and all other materials used in lieu thereof and of all air-veyor systems and air handling systems regardless of material used including the setting of all equipment and all reinforcements in connection therewith; (b) all lagging over insulation and all duct lining: (c) testing and balancing of all air-handling equipment and duct work; (d) the preparation of all shop and field sketches used in fabrication and erection, including those taken from original architectural and engineering drawings or sketches; and (e) all other work included in the jurisdictional claims of Sheet Metal Workers' International Association.

### ARTICLE II

SECTION 1. No Employer shall subcontract or assign any of the work described herein which is to be performed at a job site to any contractor, subcontractor or other person or party who fails to agree in writing to comply with the conditions of employment contained herein including, without limitations, those relating to union security, rates of pay and working conditions, hiring and other matters covered hereby for the duration of the project.

SECTION 2. Subject to other applicable provisions of this Agreement, the Employer agrees that when subcontracting for prefabrication of materials covered herein, such prefabrication shall be subcontracted to fabricators who pay their employees engaged in such fabrication not less than the prevailing wage for comparable sheet metal fabrication, as established under provisions of this Agreement.

### ARTICLE III

SECTION 1. The Employer agrees that none but journeymen, apprentice and preapprentice sheet metal workers shall be employed on any work described in Article I and, further, for the purpose of proving jurisdiction, agrees to provide the Union with written evidence of assignment on the employer's letterhead for certain specified items of work to be performed at a jobsite prior to commencement of work at the site. List of such specific items, which may be revised from time to time, as agreed to by and between SMACNA and SMWIA, shall be provided to the Employer.

### ARTICLE IV

SECTION 1. The Union agrees to furnish upon request by the Employer duly qualified journeymen, apprentice and preapprentice sheet metal workers in sufficient numbers as may be necessary to properly execute work contracted for by the Employer in the manner and under the conditions specified in this Agreement.

### ARTICLE V

SECTION 1. The Employer agrees to require membership in the Union, as a condition of continued employment of all employees performing any of the work specified in Article I of this Agreement, within eight (8) days following the beginning of such employment or the effective date of this Agreement, whichever is the later. Employer has reasonable ground for believing that membership is available to such employees on the s[...]

1

**EXHIBIT A**

## ARTICLE XIII

SECTION 1. This Agreement and Addenda Numbers __One__ through __Thirty two__ attached hereto shall become effective on the __1st__ day of __May__, 19 __92__, and remain in full force and effect until the __30th__ day of __April__, 19 __97__, and shall continue in force from year to year thereafter unless written notice of reopening is given not less than ninety (90) days prior to the expiration date. In the event such notice of reopening is served, this Agreement shall continue in force and effect until conferences relating thereto have been terminated by either party by written notice, provided, however, that, if this Agreement contains Article X, Section 8, it shall continue in full force and effect until modified by order of the National Joint Adjustment Board or until the procedures under Article X, Section 8 have been otherwise completed.

SECTION 2. If, pursuant to federal or state law, any provision of this Agreement shall be found by a court of competent jurisdiction to be void or unenforceable, all of the other provisions of this Agreement shall remain in full force and effect. The parties agree to meet and negotiate a substitute provision. If negotiations are unsuccessful, the issue may be submitted for resolution by either party pursuant to Article X, Section 8 of this Agreement.

SECTION 3. Notwithstanding any other provision of this Article, or any other Article of this Agreement, whenever an amendment to the Standard Form of Union Agreement shall be adopted by the sponsoring national associations any party to this Agreement, upon the service of notice to all other parties hereto, shall have this Agreement reopened thirty (30) days thereafter, for the sole and only purpose of attempting to negotiate such amendment or amendments into this Agreement for the duration of the term hereof. There shall be no strike or lockout over this issue.

SECTION 4. Each employer hereby waives any right it may have to repudiate this Agreement during the term of the Agreement, or during the term of any extension, modification or amendment to this Agreement.

SECTION 5. By execution of the Agreement the Employer authorizes __Central Illinois Chapter of SMACNA, Inc.__ (Name of Local Contractor Association) to act as its collective bargaining representative for all matters relating to this agreement. The parties agree that the Employer will hereafter be a member of the multi-employer bargaining unit represented by said Association unless this authorization is withdrawn by written notice to the Association and the Union at least 150 days prior to the then current expiration date of the Agreement.

In witness whereof, the parties hereto affix their signatures and seal this __1st__ day of __March__, 19 __93__.

THIS STANDARD FORM OF UNION AGREEMENT HAS PROVIDED FOR THE INCLUSION OF PREAPPRENTICES AND A REDUCTION OF THE WAGE SCHEDULE FOR NEW APPRENTICES. THE PURPOSE OF THIS IS TO MAKE CONTRACTORS MORE COMPETITIVE WITH NONUNION COMPETITION. TO ACHIEVE THAT OBJECTIVE EMPLOYERS AGREE TO MINIMIZE MULTIPLE MARKUPS.

MONTEFUSCO HEATING, SHEET METAL & AIR CONDITIONING CO.
(Specify Name of Association or Contractor)

By _____
(Signature of Officer or Representative)

Local Union No. __ONE__ of Sheet Metal Workers' International Association

_____
(Signature of Officer or Representative)
Business Manager

AUG - 2 1996

this Agreement reopened thirty (30) days thereafter, for the sole and only purpose of attempting to negotiate such amendment or amendments into this Agreement for the duration of the term hereof. There shall be no strike or lockout over this issue.

**SECTION 4.** Each employer hereby waives any right it may have to repudiate this Agreement during the term of the Agreement, or during the term of any extension, modification or amendment to this Agreement.

**SECTION 5.** By execution of the Agreement the Employer authorizes Central Illinois Chapter of SMACNA, Inc. to act as its collective bargaining representative for all matters relating to this agreement. The parties agree that the Employer will hereafter be a member of the multi-employer bargaining unit represented by said Association unless this authorization is withdrawn by written notice to the Association and the Union at least ninety (90) days prior to the then current expiration date of the Agreement.

By this Section, the Central Illinois Chapter of SMACNA, Inc. is authorized to act as collective bargaining representative for all matters related to this Agreement. The multi-employer collective bargaining unit represented by the Association includes the following members since no authorization was withdrawn by written notice to the Association at least one hundred and fifty (150) days prior to the current expiration date of the 1992-1997 Agreement.

## PEORIA AREA CONTRACTORS

✓ Acme Roofing & Sheet Metal 4276
  PO Box 71/1402 W Washington, Bloomington 61701
✓ Armstrong Heating & A/C 4279
  1775 Meadows, East Peoria 61611
✓ Brue-Plunkett, Inc. 4281
  4 Pembrook Circle, Bloomington 61701
✓ Conrad Sheet Metal 4282
  605 E. Bell, Bloomington 61701
✓ Cordis Heating & A/C 4083
  1727 Valle Vista, Pekin 61554
✓ DE Boland Mechanical, Inc. 4284
  13707 W 150, Brimfield 61517
  dNeale Crp dba Morgan Htg. 7.
  2011 Meadows Ave, East Peoria 61611
✓ DuMont Company 2131
  1122 W Pioneer Pkwy, Peoria 61615
✓ Entec Services, Inc. 4518
  4300 Entec Drive, Bartonville 61607
✓ ES Mechanical, Inc. 4287
  14208 N Evansmill Rd, Princeville 61559
✓ Farney, Inc. 4288
  113 N Main, Morton 61550

- 14 -

✓ Fritch Heating & Cooling 4290
  1004 NE Adams, Peoria 61701
✓ G&B Heating & A/C 4291
  7614 Plank Road, Peoria 61604
✓ Garber Heating & A/C 4292
  PO Bx 502/915 N Main, Morton 61550
✓ Hardesty Heating & Ventilating 4293
  PO Bx 3453, Bloomington 61702
✓ Hardin Signs, Inc. 4294
  3663 Meadowbrook, Peoria 61604
✓ HAVCO, Inc. 4295
  PO Box 1083/401 Prairie, Bloomington 61701
✓ Hermes Sales & Service 4296
  PO Box 3304/409 S. Center, Bloomington 61702
✓ Illinois Mechanical Service 4298
  1601 Detweiller Dr., Peoria 61615
✓ JA Fritch & Sons, Inc. 4299
  1016 NE Adams, Peoria 61603
✓ Kreiling Roofing Co, Inc. 4300
  1616 SW Washington, Peoria 61602
✓ Kroll Heating & A/C 4301
  3821 E Washington, East Peoria 61611
  K-C Heating & A/C bankrupt
  921 W Front, Bloomington 61701
  LW Thomas Roofing Co. 4303
  PO Bx 50/11433 Galena St., Mossville 61552
  Lane Company 4304
  2 Brookshire Green, Bloomington 61704
  Maitland, Inc. 4305
  PO Bx 141/3005 Gill St., Bloomington 61704
✓ Meister Bros Heating & A/C 4306
  711 Kickapoo Creek Rd, Peoria 61604
  Meyer Climate Control 4307
  1300 SW Washington, Peoria 61602
✓ Meyer Heating & A/C 4308
  1300 SW Washington, Peoria 61602
  Montefusco Heating & Sheet Metal 4309
  2200 W Altorfer Dr, Peoria 61615
  Peoria Roofing & Sheet Metal 4311
  307 Troth, Peoria 61603
  Peoria Thermal Heating & A/C 4312
  Pinecrest Dr & I-74, East Peoria 61611
✓ PIPCO Companies Ltd 4313
  1409 W Altorfer Dr, Peoria 61615

- 15 -

✓ Ruyle Corporation 4314
 1325 NE Bond, Peoria 61603
✓ Sam's Heating & A/C 4315
 121 S 14th, Pekin 61554
✓ SBC Heating & A/C 4521
 RR #1 - Box 57F, Downs 61736
 Segal Bros Heating & Cooling Inc —1
 PO Box 4308/4400 Industrial, Bartonville 61607
 Service Contractors Inc 4322
 204 S McClun St, Bloomington 61702
 Sevco, Inc 4317
 3457 N University-Ste 141, Peoria 61604
✓ Standard Heating & Cooling 4319
 906 SW Adams, Peoria 61602
✓ Standard Sheet Metal Works 4520
 100 Persimmon St, Peoria 61602
✓ TEMCO Heating & A/C 4320
 913 S Laramie, Peoria 61653
✓ Union Roofing 4321
 PO Bx 191/Hwy 66 Division, Chenoa 61726
 Wm Masters, Inc. 4322
 3010 Gill, Bloomington 61701

Section 6. A Federal Mediation and Conciliation Service (FMCS) notification regarding an existing collective bargaining contract proposed termination or modification involves all signatory contractors and the Union.

The parties acknowledge this 1 May 1997 through 30 April 2002 Agreement on May 1, 1997.

Central Illinois Chapter of SMACNA, Inc.

By: _____
Jay C. Harms, Chairman Negotiating Committee

Local Union No. One of Sheet Metal Workers' International Association

By: _____
Jerry R. Pyatt, Business Manager

- 16 -

```
                    CONSTRUCTION INDUSTRY WELFARE FUND
                    1322 EAST STATE STREET, SUITE 300
                           ROCKFORD  IL  61104
                              (815) 399-0800



                                                          March 31, 2025



     MONTEFUSCO HTG & SHEET METAL            Employer #    4309
     2400 W PARK 74 DR


     PEORIA, IL 61615



     Your payroll submission(s) for the following were delinquent. You have been
     assessed a delinquent penalty as follows:


     CONT.      DUE       RECEIPT  RECEIPT                CONT.      LIQ. DAM.
     MONTH      DATE      DATE     NUMBER    FUND         AMOUNT     AMOUNT
     --------------------------------------------------------------------------
     9/2024   10/25/2024 12/17/2024 107462  RETIRE      $28,845.00   $2,884.50
     10/2024  11/25/2024 12/17/2024 107463  RETIRE      $32,320.00   $3,232.00
     11/2024  12/25/2024  3/19/2025 112754  RETIRE      $30,015.00   $3,001.50
     12/2024   1/25/2025  3/19/2025 112753  RETIRE      $29,550.00   $2,955.00
     1/2025    2/25/2025  3/25/2025 113420  RETIRE      $32,345.00   $3,234.50
                                                                    -----------
                                            TOTAL DUE:              $15,307.50

                                      GRAND TOTAL DUE:              $15,307.50


     Please remit penalty due under separate cover from any hours submissions.
     Please attach a copy of this letter with your remittance.
     Thank you.
```

EXHIBIT

B